FILED

AUG 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TEH
530

1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2   Name _____ RUCHELL CINQUE MAGEE _____
        (Last)                (First)                (Initial)

3   Prisoner Number _____ A92051 _____ CALIFORNIA STATE PRISON

4   Institutional Address _____ Corcoran Prison, California _____

6   ================================================================

7   UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

8   Ruchell Cinque Magee

    (Enter the full name of plaintiff in this action.)       )
                                                              )
9                                                             )   CV 08   Case No. _____ 3754
                          vs.                                 )           (To be provided by the clerk of court)
10  L. Adams, Wardem, et al.                                  )
                                                              )   PETITION FOR A WRIT
11  _____                            )   OF HABEAS CORPUS     TEH
                                                              )
12  _____                            )
                                                              )
13  _____                            )   E-filing     (PR)
                                                              )
14  (Enter the full name of respondent(s) or jailor in this action)  )

16                    Read Comments Carefully Before Filling In

17  When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located.  If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27. your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined.  Habeas L.R. 2254-3(b).

1 | <u>Who to Name as Respondent</u>

2 | You must name the person in whose actual custody you are. This usually means the Warden or

3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 | respondents.

6 | If you are not presently in custody pursuant to the state judgment against which you seek relief

7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 | custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9 | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 | 1. What sentence are you challenging in this petition?

12 | (a) Name and location of court that imposed sentence (for example; Alameda

13 | County Superior Court, Oakland):

SUPERIOR COURT          San Jose, Calif.

15 | Court                    Location

16 | (b) Case number, if known _____ 56168

17 | (c) Date and terms of sentence ___ January 23, 1975- life

18 | (d) Are you now in custody serving this term? (Custody means being in jail, on

19 | parole or probation, etc.)       Yes _x_   No ____

20 | Where?

21 | Name of Institution: ___ California State Prison, C orcoran

22 | Address: Box 3461, CSP , Corcoran, CA. 93212

23 | 2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | kidnap (PC 209) in the case of Jury acquittal- where

27 | Superior Court prosecution on-going in Kings county for

28 | something twelve jurors found me not guilty .

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

    Arraignment:                           Yes ___yes___  No _____

    Preliminary Hearing:    N/A      Yes _____  No _____

    Motion to Suppress:    N/A      Yes _____  No _____

4. How did you plead?

    Guilty __X__    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) ____ONCE JEOPADY_____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?             Yes __X__    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment               Yes __X__    No __X__

    (b)    Preliminary hearing    N/A    Yes __X__    No _____

    (c)    Time of plea    Pro    se      Yes __X__    No __X__

    (d)    Trial                    Yes __x__    No __x__

    (e)    Sentencing              Yes __x__    No __x__

    (f)    Appeal    N/A           Yes _____    No _____

    (g)    Other post-conviction proceeding    Yes _____    No __X__

8. Did you appeal your conviction?           Yes _____    No __X__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal            Yes _____    No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes _____    No _____

        Year: _____    Result:_____

        Any other court           Yes _____    No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1   petition?                                    Yes _____    No_____
2   (c)  Was there an opinion?                   Yes _____    No_____
3   (d)  Did you seek permission to file a late appeal under Rule 31(a)?
4                                                 Yes _____    No_____
5        If you did, give the name of the court and the result:
6   _____
7   _____
8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to
9   this conviction in any court, state or federal?             Yes _x_    No_____
10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that
11  challenged the same conviction you are challenging now and if that petition was denied or dismissed
12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit
13  for an order authorizing the district court to consider this petition.  You may not file a second or
14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28
15  U.S.C. §§ 2244(b).]
16       (a)  If you sought relief in any proceeding other than an appeal, answer the following
17            questions for each proceeding.  Attach extra paper if you need more space.
18       I.   Name of Court: __SUPREME COURT OF CALIFORNIA__
19            Type of Proceeding: __Writ of Habeas Corpus__
20            Grounds raised (Be brief but specific):
21            a.____ DOUBLE JEOPARDY PROSECUTION
22            b. FORCED GUILTY PLEA TO A CHARGE NOT TRIABLE
23            c. DENIED EFFECTIVE ASSISTANCE OF COUNSEL
24            d._____
25            Result: ____DENIED____   Date of Result: Feb 2007
26       II.  Name of Court: __U.S. District Ct. Dist. Of Colubia__
27            Type of Proceeding: __Habeas Corpus__
28            Grounds raised (Be brief but specific):  Double Jeopardy

a. DOUBLE JEOPARDY PROSECUTION

b. DENIED EFFECTIVE ASSISTANCE OF COUNSEL

c. FORCED GUILTY PLEA

d.

Result: DENIED                    Date of Result: 12/10/07

III. Name of Court: U.S. Dist. CT. Northern Dist. Cal.

Type of Proceeding: Habeas Corpus

Grounds raised (Be brief but specific):

a. Double Jeopardy

b. Denied effective Assistance of Counsel

c. Forced Guilty Plea

d.

Result: Denied                    Date of Result: 5/10/95

IV. Name of Court: U.S. Dist. CT. Northern Dist. CAL.

Type of Proceeding: Habeas Corpus & Clearance

Grounds raised (Be brief but specific):

a. Double Jeopardy

b. Denied Effective Assistance Of Counsel

c. Forced Guilty Plea

d. Judge Abuse Of Power

Result: Clearance Granted          Date of Result: 5/2/05

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _X_    No____

Name and location of court: 1983 Complaint (N.D.Cal.#C-083445-JF)

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to
support each claim. For example, what legal right or privilege were you denied? What happened?
Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

5

1  need more space. Answer the same questions for each claim.

2     [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5     Claim One:   CALIFORNIA SUPREME COURT IGNORED JURY NEWLY

6  DISCOVERY EVIDENCE SHOWING ACQUITTAL GAVE THE TRIAL JUDGE.

7     Supporting Facts:   JURORS DECLARATION SHOW ACQUITTAL GAVE THE

8  TRIAL JUDGE DURING DELIBERATIONS AND BEFORE THE COURT

9  DECLARED A MISTRIAL APRIL 3, 1973.

10     Jurors affidavits IMPEACH THE STATE's Arbitrary

11  decision...                      ( Continue - -- )
   Claim Two:

12  Court Appointed Lawyers failed to object to the trial

13     Judge's declaring mistrial, without judgment on acquittal.
   Supporting Facts:

14  Court appointed Counsel failed to object to the trial

15  Judge's accepting jury acquittal, without rendering

16  judgment on the acquittal.   ( Continue ground Two )

17     Claim Three:   STATE FAILED/REFUSED TO DISCLOSE THE TRIAL

18  RECORD SHOWING FORCED GUILTY PLEA.

19            Record shows guilty plea entered May 10,
   Supporting Facts:

20  1974, to the Charge of kidnap which was Constitutionally

21  not trial, because the jury acquitted on that charge.

22            ( Continue ground three )

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

1    ( Continue ground One ):

2

3

4        On April 27, 1973, the jury foreman ( Mr. Bernard J.

5    Suares ), joined by other jurors filed Declaration of

6    acquittal with the Superior Court Of San FRanciscisco

7    County, stating:

8            "   During deliberatios (which commenced March
9                26, 1973, all twelve jurors agreed that the
                 defendant was not guilty of vilating PC 209
10               (kidnapping for the purposes of extortion ) ..."

11   Exhibit-1, attached hereto.

12       On April 3, 1973, the trial court declared a

13   mistrial, without judgment on the acquittal issuing.  Tne

14   court, acting without jurisdiction ordered a second trial

15   on the indictment of 1970 charge of kidnap ( PC 209).

16       On May 16, 1973, or about, court appointed

17   counsel (robbert D. Carrow ) filed  Motion for  the

18   petitioner to be allowed to plea Once Jeopardy to the

19   charge of kidnap ( PC 209 ) because the jurors  filed the

20   above mentioned Declaration  showing by Exhibit-1, supra.

21       The Superior Court of Santa Clara county denied

22   the Motion  to plea Once jeopardy based on the prosecution's

23   argument  that the jury William Irwin filed affidavit

24   saying he did not  vote acquittal on the PC 209 kidnap

25   count.

26       Court  appointed  Counsel  appealed  by  filing

27   writ of Mandate with the CALIFORNIA Appeals Court, raising

28

BT PAPER
F OF CALIFORNIA
113 (REV 8 72)

6/a

1    the issues of Double Jeopardy, and Magee's right to act
2    his own lawyer.

3        The State Appeals Court denied Mandate based on
4    taking as true the prosecution's argument.   Further,
5    denied the claim of Magee's right to act as his own
6    lawyer based on the State's new law then referred as
7    proposition 3, enacted June 1972, which legalized
8    state judges violating Sixth and Fourteenth Amendment
9    Rights  guaranteeing the accused Self representation.
10   ( See decision styled Magee_vs-_Superior_Court_Of_Santa_
11   Clara County  ( 1973) 34 Cal. App. 3d 201 ). )

12       After the jurors discovered that the Prosecution
13   perpetrated a fraud on the court by use of false
14   affidavit's, on August 6, 2001, and after, the jurors
15   provided the petitioner with aFfidavit's showing their
16   acquittal was gave the trial judge before he declared
17   mistrial ...

18   ( See Affidavit marked Exhibit-2, attached hereto.)

19       The jurors twelve acquittal votes proves
20   false the prosecution's  argument about the jury Irwin
21   do not vote acquittal on the kidnap (PC 209) count.

22       The jurors twelve acquittal votes proves the
23   trial court knew of the acquittal when he declared a
24   mistrial.

25        The jurors twelve votes proves the Superior
26   Court of Santa Clara County lacked jurisdiction to
27   prosecute the petitioner twice for the same offense in

28

RT PAPER
F OF CALIFORNIA
113 (REV 8-72)

705

6/b

the case of acquittal.

The Jurors twelve acquittal votes proves the State Appeals Court denied right to plea once jeopardy based on false affidavit's presented by the prosecution.

The California supreme Court, upon denying writ of habeas Corpus rendered a decision, in conflict with the Fifth and Fourteenth Amendment, Of the The United States Constitution, regarding Double Jeopardy Prosecution, which laws have been upheld by the United States Supreme Court.

The California Supreme Court breached its duty to inquire into the prosecution's misconduct ( use of false evidence, which assaulted the jury system. )

The federal Courts have jurisdiction to conduct an inquiry of jury acquittal caught up in prosecution deception and falsehood.

Similarly, where a trial court was aware of the acquittal before it declared a mistrial, without rendering judgment on the acquittal in open court as required by state and fedeal laws.

The acquittal speaks for itself in the records, which records only need a responsible judge's review of the merits.

6/c

The record show:

-   March 20, 1972, the Superior Court in Marin County
( assigned judge  L.M. Ginsburg ) granted the petitioner's
right to act as his own lawyer.

In June 1972,  the Superior Court of San Francisco
County assigned to the case as trial judge, reversed the
previous  Superior Court's decision allowing  the petitioner
to act as his own lawyer.

The order denying self – representation was based
on a new law then (proposition 3) enacted June 1972 by the
California Legislation, unheld by the California Supreme
Court .

The   Court appointed Robert D. Carrow   as
Counsel for the petitioner, over the petitioner's objection.

Counsel faile to adequately argue the petitioner's
Sixth Amendment Right to act as his own  lawyer, even where
state law  clearly  prohibited one Superior Court judge from
reversing another superior Court's decision, therefore
allowed the  state decision  denying the issue –without
counsel ever presenting same  ( 34  Cal. App. 3d 201, Supra.)
(  Self – representation inadequately argued by counsel ).

Upon denying the  ineffective assistance of
counsel issue,  the California  Supreme Court repeatedly
made ruling  which falls  outside  the bounds of reasons.

(   Continue ground Two   ):

Court appointed lawyer Carrow and other appointed
Counsels failed to present the jurors acquittal   gave the
trial court, before it declared mistrial.

Had counsel's presented the acquittal evidence
gave the trial court before it declared mistrial April 3,
1973, the prosecution attorney's affidavit's about some
jury did not vote acquittal on kidnap ( PC 209) would
have proved false to the court, which   decision's would
have been in favor of acquittal showing known to the
trial court . . .

The California   Supreme Court again breached its
duty to inquire into the magnitude of petitioner's court
appointed counsel's apparent disabilities.

State habeas Petitions reflect evidence of
court appointed counsel's incompetence - failure to object
to the Court declaring a mistrial, after gave the acquittal
on the kidnap ( PC 209 ) count.

Habeas Petition show acquittal, even without
the state court's inquiry.

The acquittal proves ineffective assistance of
counsel.

Counsel clearly failed to investigate, even after
the jurors filed written affidavits   April 27, 1973
with the trial court, telling of their acquittal.

The Prosecutor took advantage of Counsel's incompetency
by filing false affidavit's to deceive the courts.

6/e

1  ( Continue ground three ):

2

3          On May 10, 1974, one year of the Double Jeopardy

4  Prosecution, denied Sixth Amendment Right to act of my own

5  lawyer, I entered a guilty plea to the fabricated charge

6  of kidnap ( PC 209), with the belief that by my moving the

7  same day to withdraw the plea of guilty, I could make

8  clear record of Double Jeopard prosecution and ineffective

9  assistance of counsel and prove the acquittal.

10  This is true, because I motion for withdrawal of the plea

11  of guilty because it was forced, and to a charge the jury

12  acquitted my person.     The superior Court of Santa Clara

13  County ignored the acquittal, and evidence of forced guilty

14  plea to a charge of kidnap which was Constitutionally NOT

15  triable.

16          The Court denied my motion for withdrawal of the

17  guilty plea, because it still accepted the prosecution's

18  false affidavit's as true about jury's impeaching itself.

19          On January 23, 1975, the Superior Court of Santa

20  Clara County, acting without jurisdiction,   issued a

21  life sentence.

22          The California Supreme Court failed to

23  review the full records on the issue of forced guilty plea,

24  because the state prosecution failed to disclose the

25  acquittal records- which proves counsel failed to object

26  to the trial court's mistrial, with acquittal gave the

27  trial court . . .

28                                      6/f

1   Had the California Supreme Court made inquiry into the
2   forced guilty plea, it would have discovered jury acquittal
3   and plea to a charge Constitutionally not triable.

4       The fabricated Prosecution on false evidence
5   convicted an Innocent person.

6       Petitioner testified during trial, and produced
7   evidence that he suffered false imprisonment which caused
8   him to be in Marin County Augus 7 , 1970, where caught
9   up in a rebellion situation .    The acquittal shows the
10  jurors believed the petitioner, and voted against the
11  state's charges.

12      Show cause on the merits will produce acquittal, in
13  this matter.

14

15      WHEREFORE,  petitioner requests the court to
16  grant writ of habeas corpus - directing that the California
17  Department of Corrections release the petitioner.

18      That this court also honor judge Vaughn R. Walker's
19  Order Vacating all gag Rule's.  1/

20

21

22

23  Dated:   July 28, 2008                    RUCHELL CINQUE MAGEE

24

25                         6/g

Foot NOte 1.
26  ==========================================================
27  In re RUCHELL CINQUE MAGEE, NO. C-05-80075 MISC VRW ( N.D.Cal.
    May 2, 2005 ) ( Order vacating gag -rule of May 10, 1995...)
28

1
2
3
4
5
6
7
8
9
10                    QUESTION   PRESENTED:

11

12       WHETHER CALIFORNIA SUPREME COURT'S  DECISION

13       DENYING WRIT OF HABEAS CORPUS MAY BE REVERSED
         BY THE FEDERAL COURT DISCOVERY OF JURY 'S
14       ACQUITTAL IGNORED BY THE STATE   ?

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

In re RUCHELL CINQUE MAGEE, #C05-80075 MISC VRW

4

( May 2, 2005)

5

Benton vs-Maryland (1969) 395 U.S. 784.

6

7    Do you have an attorney for this petition?                              Yes____    No _x_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on July  28, 2008                    _Ruchell Cinque Magee_
                                                     RUCHELL CINQUE MAGEE
14                Date                                Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28



ISSUES RAISED

ISSUE RAISED:

Habeas Corpus before the California Supreme Court issues have been denied/ignored for decades:

. Double Jeopardy Prosecution;

. Self - Representation

. Denial Of Effective Assistance Of Counsel;

. Forced  Guilty  Plea

ignored since 1973 through December  2007, in this matter.

UNITED STATES DISTRICT COURT

NORTHERN_____DISTRICT OF CALIFORNIA


```
          In re:
RUCHELL CINQUE MAGEE              )       Number _____
                                 )
                                 )
                                 )
On  habeas Corpus                )       PROOF OF SERVICE
                                 )
                                 )
-------------------------------- )
```

        I hereby Certify that on July 28,_____, 2008, I served

a copy of the attached _Writ_of_Habeas_Corpus__and_____
APPLICATION FOR CLEARANCE
--------------------------------------------------, by placing a

copy in a postage paid envelope addressed to the person(s)
hereinafter listed, by depositing said envelope in the United
states Mail at   Corcoran, California :


        Jerry Brown
        State Attorney
        455 Golden Gate Ave.
        San Francisco, CA  94102


                        People's Against Racist
                              Activity
                        San FRANCISCO, California




I declare under penalty of perjury the foregoing is true and correct.

                        _Ruchell Cinque Magee_
                        RUCHELL CINQUE MAGEE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

PEOPLE OF THE STATE OF CALIFORNIA,                No. 83668

　　　　　　　　　　　Plaintiff,

　　　　　　vs.                                    DECLARATION

RUCHELL MAGEE,

　　　　　　　　　　　Defendant.

──────────────────────────────/

　　　I, Bernard J. Suares, say:

　　　That I was the duly elected foreman of the petit jury
selected to serve in the trial of the above entitled action.

　　　That in the course of the jury's deliberations (which
commenced on March 26, 1973 and which were terminated on April 3,
1973) all twelve jurors, after discussing the evidence and the
applicable law as given to us by the Court, acting at the same
time, agreed that the defendant was not guilty of the charge of
violating P.C. 209 (kidnapping for purposes of extortion).  At no
time during the discussion of the evidence and the law, as they
applied to the P.C. 209 charge, or at any other time, did any
juror state that he or she agreed to the defendant's innocence on
the 209 charge as a compromise in an effort to reach unanimity.
In fact, prior to reaching our agreement that the defendant was
not guilty of the

Exhibit 1

P.C. 209 charge all members of the jury expressly agreed among themselves that they would not allow considerations of compromise to influence their deliberations or decisions. It was the jury's unanimous stated conclusion that the prosecution in presenting its case had failed to meet its burden of proof in order to establish defendant's guilt on the 209 charge.

Thereafter, the jury's concern with respect to the first count was limited to the issue of defendant's guilt of the lesser included offense of P.C. 207 (simple kidnapping). Upon discussion of the evidence as it applied to the law, as given by the Court, we were unable to reach a decision. The jury's last ballot favored conviction on the P.C. 207 count by a vote of 11 to 1. The juror standing alone stated he favored an acquittal of defendant on all charges.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on April 27, 1973.

Bernard J. Suares

The foregoing instrument is a correct copy of the original on file in this office
ATTEST

MAY 23 1995

STEPHEN V. LOVE
COUNTY CLERK
Santa Clara County
County Clerk and ex-officio Clerk of the Superior Court of the State of California in and for the County of Santa Clara
BY _____ DEPUTY
O. D. ERENO

TO WHOM IT MAY CONCERN :

Each of us undersigned, formerly jurors in the Ruchell MaGee trial in San Francisco, has read the Affidavit signed by jury foreman Bernard J. Suares, and each agree that after thorough discussion of the relative merits of the 209 charge, we eliminated it from considera- tion by voting 11 for 207 conviction and 1 not guilty on count 1, because of a belief, at least as to the undersig- ned, that the state had truly not proved the 209 charge, and not through any consideration of compromise.

| | |
|---|---|
| S/ | David F. Smith |
| s/ | Raynell McGee |
| s/ | Lucy Johnson |
| s/ | Berbard J.Suares |
| s/ | Jimmye L. Davis |
| s/ | Kenneth R.Tysom |
| s/ | Ruth Feifer |
| s/ | John Chalmer |
| s/ | Jacqueline Buckley |

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO COUNTY
—————— ——, 2001

### AFFIDAVIT OF BERNARD J. SUARES

I, Bernard J. Suares, hereby depose and declare:

1. That I was elected Jury Forman in the trial of Ruchell Magee, case number 68668, Superior Court of San Francisco County;

2. That I reside in San Francisco County;

3. That at the end of the jury's deliberations (commenced on March 26th, 1973, and terminated April 3rd 1973) all twelve jurors found Mr. Magee not guilty of violating P.C. 209 (kidnapping for the purpose of extortion);

4. I informed Judge Morton Colvin by written note that all twelve Jurors had reached a uninamous "not guilty" verdict.

Without rendering a judgement on the acquittal, Judge Colvin declared a mistrial on April 3rd, 1973 contradicting the law (Calif. Evidence Code Section 1150 Subdivision (a): "validity of a verdict)";

5. On April 27th, 1973, I filed a written declaration of the acquittal on the Kidnap Charge with the Superior Court of San Francisco County (Case Number 68668). Other Jurors joined my declaration with written statements confirming the acquittal;

6. I am now informed the Prosecution hid the acquittal he gave to Judge Colvin, and Judge Colvin sealed it. The Prosecutor also created a fraudulent document styled "affidavit" attributed to Junior *William Irwin*, portraying the Jurors "not guilty" declaration of April 27, 1973 as being impeached;

7. As shown by the decision, (Ruchell Magee -vs- Superior Court of Santa Clara County [1973] 34 Cal. App ed 201), Mr. Magee's Court appointed lawyer, Robert D. Carrow, failed to report the acquittal given to Judge Colvin by me, before he declared mistrial. Had the acquittal been disclosed, the appeliate Court would have honored the acquittal on the Kidnap charge in accordence with Evidence Code 1150, supra.



I have appealed to the Court and have presented proof of acquittal, which is being concealed by the court in violation of the Rico Act and Mr. Magee's Constitutional right to a fair trial.

I have been ignored for more than 23 years and demand that I be heard in a court of law. I will testify and can prove that the Jury was unanimous in their declaration that they found Mr. Ruchell Magee "Not Guilty".

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,



Bernard J. Suarés
1890 23rd Avenue
San Francisco, CA 94122

SUBSCRIBED AND SWORN TO BEFORE ME THIS 6th DAY OF August 2001.

```
DIANA B. TRIGUEROS
COMM. #1215897
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
My Commission Expires 04-12-2003
```

_____
Notary Public

My Commission expires:    April 12, 2003

SUPERIOR COURT OF SAN FRANCISCO COUNTY, CA.

People   Vs- Ruchell Magee

NO.   83668

DRAFTED NOTES (VOTES) OF THE JURORS
APRIL, 1973  ON P.C. 209 KIDNAP

1) David F. Smith,  "NOT GUILTY."

2) John Chalmer,  "NOT GUILTY."

3) Mosses Shephard, " Not Guilty."

4) Kenneth R. Jason,  "NOT GUILTY."

5) Bernard J. Suares, "NOT GUILTY."

6) William Irwin,  " NOT GUILTY."

7) Jacqueline  Buckley, "NOT GUILTY."

8) Raynell McGee,  " Not Guilty."

9) Barbara Giddis,  "NOT GUILTY."

10) Ruth  Feifer,  " NOt Guilty."

11) Lucy Johnson,  " NOT GUILTY."

12) Jimmie Davis,  "NOT GUILTY."

Bernard J. Suares