IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Petitioner,<br><br>vs.<br><br>L. ADAMS, Warden,<br><br>    Respondent. | No. C 08-3754 TEH (PR)<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>(Docket no. 6) |

    Petitioner filed a pro se petition for a writ of habeas corpus challenging the constitutionality of his state conviction under 28 U.S.C. § 2254. This Court dismissed Petitioner's application for a writ of habeas corpus as a second or successive petition. Petitioner has filed a notice of appeal (docket no. 6).

    Upon the filing of a notice of appeal and a request for a COA, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). (citing 28 U.S.C. § 2253(c)(3)). A request for a COA may be treated as a notice of appeal also. See Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for a certificate of probable cause as a timely notice of appeal). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel,

529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484; see James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. See id.

With regard to the issues before the Court, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. Accordingly, the request for a certificate of appealability is DENIED (docket no. 6). The Clerk of Court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit. Petitioner may also seek a certificate of appealability from that court. See Asrar, 116 F.3d at 1270.

SO ORDERED.

DATED: 10/29/08

THELTON E. HENDERSON
United States District Judge